UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| AUTHWALLET, LLC, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § Civil Action No. 7:24-cv-00065-DC-DTG |
| | § |
| CIBC BANK USA, | § |
| | § |
| *Defendant*. | § |

**DEFENDANT CIBC BANK USA'S MOTION FOR ATTORNEYS' FEES**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD ......................................................................................................... 4

    A. 35 U.S.C. § 285 (Exceptional Case) ....................................................................... 4

    B. 28 U.S.C. § 1927 (Sanctions Against Counsel) ...................................................... 5

    C. Awarding Attorney's Fees Against Non-Parties ...................................................... 6

III. BACKGROUND ................................................................................................................. 6

IV. ARGUMENT ....................................................................................................................... 7

    A. Plaintiff Failed To Conduct a Proper Pre-Suit Investigation .................................. 8

    B. Plaintiff's Contract Reformation Argument Is Frivolous ...................................... 12

    C.. Dr. Gorrichategui Controls the Plaintiff and Forged an Assignment Document ............................................................................................................. 123

V. CONCLUSION .................................................................................................................. 14

i

# **TABLE OF AUTHORITIES**

**Federal Cases** ....................................................................................................................**Pages(s)**

*Baulch v. Johns.*,
  70 F.3d 813, 817 (5th Cir. 1995) ...............................................................................................5

*Bryant v. Mil. Dep't of Mississippi*,
  597 F.3d 678, 694 (5th Cir. 2010) .............................................................................................5

*Edwards v. General Motors Corp.*,
  153 F.3d 242, 246 (5th Cir. 1998) .............................................................................................5

*Enzo APA & Son, Inc. v. Geapag A.G.*,
  134 F.3d 1090, 1093 (Fed. Cir. 1998).....................................................................................13

*Fogerty v. Fantasy, Inc.*,
  510 U.S. 517, 534 (1994)..........................................................................................................4

*Greer v. Richardson Indep. Sch. Dist.*,
  471 F. App'x 336, 339 (5th Cir. 2012) .....................................................................................5

*Hammervold v. Blank*,
  3 F.4th 803, 811 n.14 (5th Cir. 2021) .......................................................................................5

*In re Schaefer Salt Recovery, Inc.*,
  542 F.3d 90, 102 (3d Cir. 2008)................................................................................................5

*Iris Connex, LLC v. Dell, Inc.*,
  235 F. Supp. 3d 826, 843-844 (E.D. Tex. 2017).......................................................................6

*Johnson v. Georgia Highway Express, Inc.*,
  488 F.2d 714 (5th Cir. 1974) .....................................................................................................5

*Koji IP, LLC v. Renesas Elecs. Am., Inc.*,
  2025 WL 917110, *5-7 (N. D. Cal. March 31, 2025)................................................................3

*Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*,
  739 F.3d 848, 872 (5th Cir. 2014) .............................................................................................5

*Munchkin, Inc. v. Luv n' Care, Ltd.*
  960 F.3d 1373, 1378 (Fed. Cir. 2020).......................................................................................4

*Nystrom v. TREX Co., Inc.*,
  424 F.3d 1136, 1141 (Fed. Cir. 2005).......................................................................................5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
  572 U.S. 545, 554 (2014)..........................................................................................................4


*Procter & Gamble Co. v. Amway Corp.*,
    280 F.3d 519, 525 (5th Cir. 2002) ...................................................................................6

*Silent Communications, LLC v. BlackBerry Corp. f/k/a Research In Motion Corp.*,
    No. 6:22-cv-00252 (W.D. Tex. filed Mar. 8, 2022)....................................................... *passim*

*Skidmore Energy, Inc. v. KPMG*,
    455 F.3d 564, 568 (5th Cir. 2006) ...................................................................................4

*Vandeventer v. Wabash Nat'l Corp.*,
    893 F. Supp. 827 (N.D. Ind. 1995) ..................................................................................5

**Federal Statutes**

18 U.S.C. § 1001................................................................................................................14

28 U.S.C. § 1927..........................................................................................................1, 5, 6

35 U.S.C. § 261................................................................................................................10

35 U.S.C. § 285......................................................................................................1, 4, 6, 9

37 CFR § 1.56...................................................................................................................13

Fed. R. Civ. P. 54.................................................................................................................1

I.      INTRODUCTION

Defendant CIBC Bank USA ("CIBC") respectfully requests that this Court award its attorneys' fees against Plaintiff AuthWallet, LLC, its counsel William P. Ramey, Esq., and its principal Dr. Carlos O. Gorrichategui under 35 U.S.C. § 285 (exceptional patent case), 28 U.S.C. § 1927 (vexatious litigation), Fed. R. Civ. P. 54(d), and this Court's inherent authority. Plaintiff's litigation strategy and conduct qualifies this case as exceptional and warrants a grant of attorneys' fees. Mr. Ramey's and Dr. Gorrichategui's conduct shows beyond question that this Court's prior efforts of deterrence have been ineffective.

Plaintiff's litigation strategy has been vexatious and substantively unsuccessful in every single aspect, ultimately resulting in a Report and Recommendation dismissing the case based on lack of standing due to a purported patent assignment to a non-existent entity—the exact reason another case brought by Mr. Ramey on behalf of the same principal, Dr. Gorrichategui, was dismissed in this Court in 2023, the year before the instant case was filed. *See* Scardino Declaration at Exhibit A, *Silent Communications, LLC v. BlackBerry Corporation f/k/a Research In Motion Corporation*, WDTX-6-22-cv-00252, filed March 8, 2022, Dkt. 57 (Order Granting Motion to Dismiss dated May 19, 2023). AuthWallet, Mr. Ramey, and Dr. Gorrichategui thus inflicted undue fees and expenses on CIBC by filing baseless claims based on arguments that had already been rejected and sanctioned by this Court under nearly identical circumstances. *See* Scardino Declaration at Exhibit B, *Silent Communications*, WDTX-6-22-cv-00252, Dkt. 106 (Order Granting Motion for Attorney's Fees dated March 25, 2025).

Indeed, this Court imposed sanctions on the plaintiff in *Silent Communications* and Mr. Ramey personally for behavior and arguments <u>substantially similar to their behavior and arguments here</u>, and Dr. Gorrichategui only narrowly escaped being personally sanctioned as well.

1

Just as here, in *Silent Communications*, the plaintiff filed and dismissed an initial lawsuit to trigger the IPR deadline and then refiled the case a year later. Just as here, the party that was assigned the patent was not the plaintiff, but an Illinois entity of the same name – Silent *Illinois*. *Id*. at 2. The plaintiff, Silent *Texas*, did not exist at the time of the purported assignment to Silent Illinois – same as here. *Id*. at 4-5. Silent Communications eventually produced a "corrected" assignment that it argued to this Court should be considered a "reformed" assignment by its principal Dr. Gorrichategui, transferring the patents to Silent Texas, instead of Silent Illinois—same as here. *Id*. The Court rejected the reformation argument and found that, even if accepted, it would not have mattered because the plaintiff, Silent Texas, did not even exist at the time of the purported assignment, reformed or not. *Id*.

Mr. Ramey and Dr. Gorrichategui knew that these tactics and frivolous arguments would not work in this Court since at least the day the Court issued its order granting the motion to dismiss for lack of standing in 2023, but repeated them anyway a year later when it filed this case in 2024.

Based on the totality of the facts in the *Silent Communications* case, Judge Albright found that "Plaintiff failed to conduct an adequate pre-suit filing investigation, unnecessarily prolonged litigation, provided shifting theories of standing, failed to produce evidence that would cure the standing defect identified by BlackBerry, and caused [Defendant] to expend significant resources to oppose Plaintiff's arguments." *Id*. at 8–9. Here, the identical actors on behalf of the Plaintiff (Mr. Ramey and Dr. Gorrichategui) are playing the same shell game (a defunct Illinois entity, a Texas entity formed after the date of the asserted assignment, a "corrective" assignment that was manufactured by Dr. Gorrichategui, and a frivolous "reformation" argument). For the same reasons the Court awarded attorney's fees in *Silent Communications*, the Court should find this case exceptional, Mr. Ramey's conduct sanctionable, and award CIBC its reasonable attorney's

2

fees and costs for having to defend this meritless lawsuit. But the Court should go further. Dr. Gorrichategui was warned by the Court prior to this lawsuit being filed not to bring a case unless the plaintiff had the patent rights locked down, but he ignored the Court's warning and did it all over again anyway. Dr. Gorrichategui's misconduct here is exacerbated by his submission of a doctored assignment document to the USPTO, as described in more detail below. *See* Section IV.C.

Unfortunately, this case and the *Silent Communications* case are not unique. Mr. Ramey and his firm have been repeatedly sanctioned by federal courts around the country for similar improper litigation conduct.[1] Judge Albright explicitly imposed sanctions in the *Silent Communications* case in part as a deterrence:

> "Mr. Ramey has been cautioned about pre-filing failures before, and such warnings 'aid[] the Court in finding frivolousness, motivation, and the need to advance considerations of compensation and deterrence.' *ZT IP*, 2023 WL 1785769, at *3. Yet, as explained above, Plaintiff's counsel failed to conduct an adequate pre-filing investigation in this case. Furthermore, as Plaintiff's counsel, much of the subpar conduct exhibited in this case can be directly attributed to him."

Scardino Declaration at Exhibit B, *Silent Communications*, WDTX-6-22-cv-00252 at 12. Clearly, prior efforts at deterrence have not had the desired effect. Mr. Ramey, on behalf of his apparent business partner Dr. Gorrichategui, filed another set of 20 AuthWallet cases (*see* fn. 2 below) with the exact same shortcomings (lack of standing) and exact same frivolous arguments (contract reformation) as before.

Overall, AuthWallet never had a *bona fide* case against CIBC. Instead, the motive appears to have been improperly financial, i.e., to extract a nuisance value settlement, paid only to avoid

---

[1] *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, 2025 WL 917110, *5-7 (N. D. Cal. March 31, 2025) (cataloging sanctions rulings against Mr. Ramey or his law firm).

3

incurring defense fees. Assumedly, some of the defendants sued by AuthWallet did just that, while AuthWallet actually knew it did not have the requisite rights in the patents to bring its claims in the first place. Sanctions aimed at deterring such conduct are warranted.

## II. LEGAL STANDARD

### A. 35 U.S.C. § 285 (Exceptional Case)

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "An 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Whether a case is exceptional is based on the totality of the circumstances. *Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020) (*citing Octane Fitness*, 572 U.S. at 554). The movant is required to show the case is exceptional by a preponderance of the evidence. *Id*.

Courts may consider a "non-exclusive list of factors" including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness,* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). "'[T]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations [the Supreme Court has] identified.'" *Id*. at 554. If the Court determines that fees are warranted, the calculation of reasonable fees and expenses is done through a lodestar analysis "by multiplying the reasonable number of hours expended in defending the suit by the reasonable hourly rates for the participating lawyers." *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 568 (5th Cir. 2006). Once the lodestar calculation is performed, the Court

may adjust that number upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

### B. 28 U.S.C. § 1927 (Sanctions Against Counsel)

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. To prove counsel acted both "unreasonably" and "vexatiously," the moving party must provide "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).

The Federal Circuit applies regional circuit law for sanctions under § 1927. *See Nystrom v. TREX Co., Inc.*, 424 F.3d 1136, 1141 (Fed. Cir. 2005). The Fifth Circuit requires "clear and convincing" evidence that § 1927 sanctions are justified. *Laws. Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014); *see also Hammervold v. Blank*, 3 F.4th 803, 811 n.14 (5th Cir. 2021) ("Whenever we have noted the standard of evidence for § 1927 claims, we said it is clear and convincing evidence."). This inquiry "focuses on the conduct of the litigation and not on the merits." *Bryant v. Mil. Dep't of Mississippi*, 597 F.3d 678, 694 (5th Cir. 2010). Because § 1927 is punitive, it is to be strictly construed— "sanctions may not be imposed for mere negligence on the part of counsel." *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995) (internal citation omitted).Moreover, Section 1927 creates a "continuing obligation" to abandon positions once they become no longer viable. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 102 (3d Cir. 2008) (quoting *Vandeventer v. Wabash Nat'l Corp.*, 893 F. Supp. 827 (N.D. Ind. 1995)).

Conduct is unreasonable and vexatious where there is "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Greer v. Richardson Indep. Sch. Dist.*,

471 F. App'x 336, 339 (5th Cir. 2012) (internal citations omitted); *see also Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002) ("The courts often use repeated filings despite warnings from the court, or other proof of excessive litigiousness, to support imposing sanctions.").

### C. Awarding Attorney's Fees Against Non-Parties

Under the Court's inherent power, fees may be also awarded against both parties and non-parties to the litigation. *See, e.g., Iris Connex, LLC v. Dell, Inc.*, 235 F. Supp. 3d 826, 843-844 (E.D. Tex. 2017) ("The inherent power allows the Court to sanction non-parties that may be beyond the purview of the Federal Rules or Section 1927, but are closely tied to the litigation."). Courts have found that non-parties may also be held liable under § 285. "The statutory text, current case law, and statutory purpose behind the Patent Act and Section 285 all support assessing direct Section 285 liability against non-parties, so long as (1) the actor is responsible for conduct that makes the case exceptional, (2) the actor is afforded due process, and (3) it is equitable to do so". *Iris Connex*, 235 F. Supp. 3d at 858.

### III. BACKGROUND

The plaintiff, AuthWallet, LLC, is a Texas Limited Liability Company formed on March 30, 2021. *See* Dkt. 81 at 3. On February 22, 2023, AuthWallet filed its first lawsuit against CIBC asserting infringement of U.S. Patent No. 8,099,368 Patent ("'368 Patent"). *See* Original Complaint filed in *AuthWallet, LLC v. CIBC Bank USA*, Cause No. 6:23-cv-00141-DAE (W.D. Tex – Waco). AuthWallet filed a voluntary dismissal before the answer was due. *Id.* (Dkt. 13). After the one year statutory period expired for filing an *inter partes* review, AuthWallet refiled the complaint asserting infringement of the same '368 Patent on March 1, 2024 (Dkt. 1), and an

amended complaint on July 24, 2024 (Dkt. 16). In the amended complaint, Plaintiffs asserted ownership over the '368 Patent. *Id*.

Ultimately, Plaintiff claimed ownership of the '368 Patent through a convoluted series of assignments, which have been summarized by U. S. Magistrate Judge D. Gilliland in his *Report & Recommendation To Grant The Defendant's Motion To Dismiss For Lack Of Subject Matter Jurisdiction (Dkt. No. 41),* which is fully incorporated here by reference and, in relevant part, partially replicated below. Dkt. 81 at 2-3. After careful analysis of the assignment history, the Court agreed with CIBC and found that the original transfer assignment from Fonwallet to AuthWallet Illinois was void as a matter of law because the AuthWallet Illinois entity did not exist at the time of the purported transfer. Id. at 7-8. The Court cited the *Silent Communications* case in its ruling. *Id.* at 6-7.

IV.   **ARGUMENT**

This case is exceptional for three reasons. <u>First</u>, Plaintiff and its representatives failed to perform a reasonable pre-suit investigation into standing in this case despite the fact that the court had dismissed the *Silent Communications* case involving similar facts and the same plaintiff representatives. <u>Second</u>, instead of realizing its mistake and correcting the standing issue before filing, Plaintiff filed and pressed on with this suit, including advancing flawed infringement theories and arguments that had already been rejected by this Court. <u>Third</u>, Plaintiff's principal, Dr. Gorrichategui, forged an assignment document to surreptitiously obfuscate the lack of standing. In summary, both Mr. Ramey and Dr. Gorrichategui have been warned and cautioned about similar conduct repeatedly—to no avail. They have, in concert, filed more than 20 cases on behalf of AuthWallet, an entity that does not own the asserted patent. To make matters worse, when approached about the shortcoming, they doubled down and filed a modified assignment

document which the assignee-inventor himself challenged in this case (Dkt. 53 - Response to Motion to Dismiss) and resorted to off-the-cuff arguments regarding "reformation" they had been advised in the *Silent Communications* case would not fly in this Court.

### A.     Plaintiff Failed To Conduct a Proper Pre-Suit Investigation

A plaintiff is required to perform a proper pre-suit investigation, including confirming proper standing to sue for patent infringement.  Here, a reasonable investigation of the chain of title of the '368 Patent would have led to the conclusion:  that there was a standing problem; that the purported assignment to AuthWallet Illinois predated that entity's legal existence and, thus, was void; and that any "reformation" of the assignment so that is was made to the Plaintiff AuthWallet Texas would suffer the same problem, because AuthWallet Texas was not formed until a year later by Mr. Ramey himself.[2]  The Plaintiff's representatives and lawyers had been specifically told as much by this Court in the *Silent Communications* case nearly a year before this case was filed. The exceptional nature of this case is further underlined by AuthWallet's principal Carlos O. Gorrichategui's willingness to modify the terms of an assignment executed not by him but by Todd Coulter, and record that forged document with the United States Patent and Trademark Office in an apparent effort to hide the standing defect, as detailed above.  AuthWallet's reckless conduct has cost not only this Court and the Defendant much wasted time and resources, it has tainted AuthWallet's entire '368 Patent litigation campaign, which began in August 2022 when it filed the first of approximately twenty (20) lawsuits asserting the same family of patents from

---

[2] That Mr. Ramey was the "Organizer" of AuthWallet Texas has not been disputed by Plaintiff or Mr. Ramey.  Indeed Mr. Ramey's signature appears on the original Certificate of Formation for AuthWallet Texas.  Dkt 41-1 at 36-37 (Ex. 5 to Scardino Declaration in support of Motion to Dismiss).

Fonwallet.[3]  Such reckless litigation conduct renders this case exceptional under the Patent Act's fee shifting provision.  35 U.S.C. § 285.  Defendant CIBC thus asks this Court find this an exceptional case and award Defendant CIBC its reasonable attorney fees and costs.

Early in the litigation, Defendant called Plaintiff's standing into question based on these issues.  After counsel for Defendant asked counsel for Plaintiff which assignment it was relying on for standing, counsel for Plaintiff identified a Patent Purchase Agreement dated March 2, 2020, between Fonwallet and AuthWallet Illinois (the "PPA").  *See* Scardino Declaration at Exhibit C, Email from Daniel Scardino to William Ramey dated April 4, 2025 ("… it would be helpful if you would send over the assignment from Fonwallet that AuthWallet is relying on.").  Plaintiff's counsel claimed that the PPA is the assignment by which it—the Texas entity (AuthWallet Texas) that is the Plaintiff in this case—claimed ownership of the '368 Patent.  *See* Scardino Declaration

---

[3] *AuthWallet, LLC v. Total System Services LLC*, 1-24-cv-03547 (NDGA), filed Aug. 09, 2024; *AuthWallet, LLC v. Heartland Payment Systems, LLC*, 2-24-cv-00594 (EDTX), filed Jul. 25, 2024; *AuthWallet, LLC v. Global Payments, Inc.*, 1-24-cv-03100 (NDGA), filed Jul. 12, 2024; *AuthWallet, LLC v. Fiserv, Inc.*, 7-24-cv-00063 (WDTX), filed Mar. 01, 2024; *AuthWallet, LLC v. Amarillo National Bank*, 7-24-cv-00064 (WDTX), filed Mar. 01, 2024; *AuthWallet, LLC v. Cullen/Frost Bankers, Inc.*, 7-24-cv-00066 (WDTX), filed Mar. 01, 2024; *AuthWallet, LLC v. The PNC Financial Services Group, Inc.*, 7-24-cv-00067 (WDTX), filed Mar. 01, 2024; *AuthWallet, LLC v. Woodforest National Bank*, 6-23-cv-00244 (WDTX), filed Apr. 03, 2023; *AuthWallet, LLC v. Amarillo National Bank*, 6-23-cv-00140 (WDTX), filed Feb. 22, 2023; *AuthWallet, LLC v. CIBC Bank USA*, 6-23-cv-00141 (WDTX), filed Feb. 22, 2023; *AuthWallet, LLC v. Cullen/Frost Bankers, Inc.*, 6-23-cv-00143 (WDTX), filed Feb. 22, 2023; *AuthWallet, LLC v. First Citizens Bank*, 6-23-cv-00144 (WDTX), filed Feb. 22, 2023; *AuthWallet, LLC v. Fiserv, Inc.*, 6-23-cv-00145 (WDTX), filed Feb. 22, 2023; *AuthWallet, LLC v. The PNC Financial Services Group, Inc.*, 6-23-cv-00146 (WDTX), filed Feb. 22, 2023; *AuthWallet LLC v. Omni Hotels Management Corporation*, 3-22-cv-01776 (NDTX), filed Aug. 12, 2022; *AuthWallet, LLC v. Hotels.com, LP*, 3-22-cv-01778 (NDTX), filed Aug. 12, 2022; *AuthWallet, LLC v. Small Luxury Hotels of the World Management, Inc.*, 4-22-cv-02749 (SDTX), filed Aug. 12, 2022; *AuthWallet, LLC v. Block, Inc.*, 1-21-cv-05463 (SDNY), filed Jun. 22, 2021; *AuthWallet, LLC v. American Express Company*, 1-21-cv-03219 (SDNY), filed Apr. 13, 2021; *AuthWallet, LLC v. Citigroup, Inc.*, 4-21-cv-01203 (SDTX), filed Apr. 13, 2021; *AuthWallet LLC v. Visa Inc.*, 3-20-cv-04121 (NDCA), filed June 22, 2022.

at Exhibit C, Responsive email from William Ramey dated April 4, 2025 attaching the PPA as the document the Plaintiff was relying on for standing purposes. As noted by Judge Gilliland, the PPA pre-dated the formation of the purported assignee AuthWallet Illinois. Dkt. 81 at 2.

Defendant brought this deficiency to Plaintiff's counsel's attention and noted that Plaintiff lacked standing because the agreement was not between Fonwallet and the Plaintiff AuthWallet Texas, but was between Fonwallet and another entity, AuthWallet Illinois, and also that it was void, pursuant to applicable case law, because the AuthWallet entities did not even exist at the time of the PPA. Plaintiff's counsel ignored this argument and simply responded that the agreement was voidable and had been ratified by Fonwallet's inaction, notwithstanding the fact that Todd Coulter (the now deceased principal of Fonwallet) was making a cascade of filings in this case claiming that he did not agree that AuthWallet Texas had rights in the patent-at-issue.

Despite having been warned by this Court that standing could not rest under these circumstances or based on these same arguments, <u>and despite having over two years to look for any supporting authority after the Court's order in the *Silent Communications* case</u>, Plaintiff found no supporting legal authority for its standing theory and neither could the Court. Dkt. 81 at 6.

Plaintiff thus unreasonably forced Defendant to litigate the case until the standing defect, which was obfuscated by Dr. Gorrichategui's forged assignment document filed with the USPTO, was discovered and then when confronted, would not relent, forcing Defendant to file a motion to dismiss for lack of subject matter jurisdiction on April 24, 2025. Dkt. 41. Then when confronted with the motion to dismiss, AuthWallet still did not relent, instead it repackaged and reasserted the same failed arguments it made in the *Silent Communications* case. Dkt. 53.

Even now, Plaintiff's intransigence persists: It has recently filed objections to the Report and Recommendations, now providing belated authority for a new "ratification" argument. Dkt.

10

83. But the ratification argument, even if it was correct (it is not, which CIBC will show in its forthcoming response to Plaintiff's Objections), that would not effect a transfer of the patent to the Plaintiff in this case, AuthWallet Texas, only to the defunct Illinois entity, AuthWallet Illinois.[4] Furthermore, the Patent Act requires that patent assignments be in writing (35 U.S.C. § 261), so even if Todd Coulter/Fonwallet ratified the assignment to AuthWallet Illinois as of the date it came into existence, <u>there is still no written assignment between AuthWallet Illinois and the Plaintiff AuthWallet Texas that was executed prior to the filing of this lawsuit</u>. The tortured arguments to try and explain away Plaintiff's and its representatives' failures to conduct a proper pre-suit investigation and ensure proper standing existed to bring this case are beyond vexatious at this point, especially where this Court had warned these representatives a year before this case was filed to have the standing question locked down before coming to court. Importantly, if Mr. Coulter/Fonwallet indeed approved of the patent being transferred to AuthWallet Texas, all the Plaintiff and its representatives had to do was have Mr. Coulter/Fonwallet execute a new patent assignment before filing this case, rather than Dr. Gorrichategui forging and filing a false document with the USPTO.[5]

Finally, Plaintiff's counsel's and representative's vexatious and malicious conduct in this case is amplified by the fact that this appears to be their *modus operandi* in numerous other cases

---

[4] According to the corporate records on file with the Illinois Secretary of State, AuthWallet Illinois was dissolved on November 12, 2021. Dkt. 41-1 at 15 (Ex. 3 to Scardino Declaration in support of Motion to Dismiss).

[5] The analysis and details showing the forgery of the assignment filed with the USPTO are set forth in Defendants' Motion to Dismiss. Dkt. 41 at 4. Dr. Gorrichategui admitted making the alterations and filing the assignment with the USPTO in his Declaration filed in response to the Motion to Dismiss. Dkt. 53-2 at ¶ 18, The Court acknowledged in the Report and Recommendation that Dr. Gorrichategui created the assignment by "modifying an earlier assignment and replacing 'Illinois' with 'Texas' so that it appeared to be an assignment by Mr. Coulter to AuthWallet Texas." Dkt. 81 at 3.

11

as well.

### B. Plaintiff's Contract Reformation Argument Is Frivolous

As explained above, Plaintiff had no authority or proper basis to oppose the conclusion that a 2020 assignment to it would have been void as a matter of law because Plaintiff did not come into existence until 2021. Regardless, in an apparent effort to multiply these proceedings, Plaintiff and its representatives made a frivolous contract reformation argument. Plaintiff's counsel and its representative knew it was a frivolous argument that this Court had previously rejected in *Silent Communications,* WDTX-6-22-cv-00252, Dkt. 106 at 8 ("this [contract reformation] theory was contradicted by the evidence and unreasonable given that Plaintiff had not formed a Texas entity—let alone Silent Texas—at or around the time of the Illinois Assignment."). In the Report and Recommendation, Judge Gilliland decided that the Court did not need to address the reformation argument because the asserted reformed contract (between AuthWallet Illinois and AuthWallet Texas) would not have conveyed title to the Plaintiff because AuthWallet Illinois did not exist at the time of the PPA in 2020 and, thus, could never have received the patent. Dkt. 81 at 4 ("the Court need not analyze the plaintiff's reformation argument because the transfer from Fonwallet to AuthWallet Illinois was void as a matter of law."). Even so, Plaintiff and its representatives knew from the *Silent Communications* case that its reformation argument was absurd and frivolous. Here, they were asserting that a contract assignment from Fonwallet to AuthWallet Illinois executed by Fonwallet's representative, Todd Coulter, in March of 2020 could be "reformed" as a contract dated March of 2021 between two other contracting parties – AuthWallet Illinois and AuthWallet Texas and executed by Dr. Gorrichategui. As the Court held in the *Silent Communication* case, "[r]eformation is not appropriate where the 'contract correctly reflect[s] the nature of the parties' agreement *at the time that the contract was signed*.'" *Silent Communications,*

WDTX-6-22-cv-00252, Dkt. 57 at 7 (citation omitted). Todd Coulter could not have intended to assign the patents to AuthWallet Texas in 2020 because AuthWallet Texas did not exist until a year later.

What the Plaintiff was really attempting is not a reformation argument, but asking this Court to accept a *nunc pro tunc* assignment between AuthWallet Illinois and AuthWallet Texas that was created after this case was filed. But Plaintiff and counsel are well aware that *nunc pro tunc* assignments cannot cure a standing defect. *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) ("[N]unc pro tunc assignments are not sufficient to confer retroactive standing."). Regardless, CIBC was still forced to respond to this argument in its reply, further increasing its fees and expenses.

### C. Dr. Gorrichategui Controls the Plaintiff and Forged an Assignment Document

In the sworn Declaration filed with Plaintiff's Response to the Motion to Dismiss, Dr. Gorrichategui admits that he, and he alone, controls the Plaintiff. Dkt 53-2 at ¶ 19 ("I am the president of AuthWallet, LLC of Texas. I have sole authority to control AuthWallet, LLC of Texas."). That means that all the conduct, including the failure to heed this Court's prior warnings and failure to conduct a proper pre-suit investigation, that is attributable to the Plaintiff is, in fact, also attributable to Dr. Gorrichategui.

As noted in the Report and Recommendation, Dr. Gorrichategui modified the assignment bearing the electronic signature of Todd Coulter on behalf of Fonwallet that was originally dated March 3, 2020 and attached to the PPA, replacing the word Illinois with Texas, and then filed that forged document with the USPTO in 2022. Dkt. 81 at 2-3 ("Rather it was created by Carlos Gorrichategui modifying the earlier assignment and replacing "Illinois" with "Texas" so that it appeared to be an assignment by Mr. Coulter to AuthWallet Texas."). Dr. Gorrichategui's forgery

was somewhat effective in that it obfuscated the assignment records just enough make it seem like an assignment existed assigning the patent to AuthWallet Texas, but it was designed to hide the standing defect rather than correct it. Every business person and every lawyer knows that you cannot make unilateral modifications to contracts that are executed and binding on others. But that is exactly what Dr. Gorrichategui tried to do, and Mr. Ramey is an accomplice at least because he knew about it, was the person that organized AuthWallet Texas, and was warned by this Court in the *Silent Communications* case to have the assignment/standing issue buttoned up before filing a case in federal court.

Finally, when filing records with the USPTO, the filer has a duty of candor and good faith (37 CFR § 1.56), he cannot knowingly and willfully make false or fraudulent statements to a government agency or make or use any false writing or document in connection with dealings with a government agency (18 U.S.C. § 1001). But that is exactly what Dr. Gorrichategui did on behalf of the Plaintiff, aided and abetted by Mr. Ramey.

## V.   CONCLUSION

Given the totality of these facts, the Court should find this case exceptional and award attorney fees, costs, and order such other relief against the Plaintiff AuthWallet, as well as its counsel Mr. Ramey and principal Dr. Gorrichategui, as the Court deems just and as the Court believes will serve as <u>sufficient deterrence</u>.

Dated: October 17, 2025                                        Respectfully Submitted,

*/s/ Daniel Scardino*
Daniel Scardino
Texas State Bar No. 24033165
SCARDINO LLP
111 Congress Avenue, Suite 500
Austin, TX  78701
Tel.: (512) 443-1667
Fax: (512) 487-7606
daniel@scardinollp.com

14

>Paige Arnette Amstutz
>State Bar No. 00796136
>SCOTT DOUGLASS & MCCONNICO LLP
>303 Colorado Street, Suite 2400
>Austin, Texas 78701
>Tel.: (512) 495-6300
>Fax: (512) 495-6399
>pamstutz@scottdoug.com
>
>*Counsel for Defendant CIBC Bank USA*

## CERTIFICATE OF CONFERENCE

Counsel for Defendant conferred with Counsel for Plaintiff and Plaintiff is opposed to the relief requested in this motion.

>*/s/ Daniel Scardino*
>Daniel Scardino

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 17, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

>*/s/ Daniel Scardino*
>Daniel Scardino